# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

KATHRYN SHELBY on behalf of )
B.A.W., a minor, )
                Plaintiff, )
)
v. ) Case No. CIV-15-174-KEW
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
)
                Defendant. )

## OPINION AND ORDER

Plaintiff Kathryn Shelby ("Plaintiff"), on behalf of the minor child, B.A.W. ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability for persons under the age of 18 is defined by the Social Security Act as the "a medically determinable physical or mental impairment or combination of impairments that causes marked

and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. Social Security regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. *See*, 20 C.F.R. § 416.924.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute

---

[1] At step one, a child will not be deemed disabled if he is working and such work constitutes substantial gainful activity. The regulations require the claimant to establish that he is not engaged in substantial gainful activity. At step two, a child will not be found disabled if he does not suffer from a medically determinable impairment that is severe. At step three, a child's impairment must meet a listing and must meet the duration requirement of 12 months. 20 C.F.R. § 416.924(b), (c) and (d).

2

its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on January 3, 2004 and was 11 years old on the date the ALJ issued his decision. Claimant is alleged to have become disabled on September 1, 2011 due to attention deficit disorder with hyperactivity ("ADHD") and borderline intellectual functioning.

### Procedural History

On July 26, 2012, Claimant, through Plaintiff, protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1381 *et seq.*). Claimant's application for benefits was denied in its entirety initially and on reconsideration. On September 23, 2013, Plaintiff appeared at an administrative hearing in Tulsa, Oklahoma before Administrative Law Judge Luke Liter (the "ALJ"). The ALJ issued an unfavorable decision on December 30, 2015. On March 6, 2015, the Appeals

Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step three of the sequential evaluation. He determined that Claimant's condition did not meet a listing and she had not been under a disability during the relevant period.

**Review**

Plaintiff asserts the ALJ committed error in (1) failing to find Claimant's condition met or equaled a listing; (2) failing to find Claimant met the functional equivalence of a listing; and (3) failing to perform a proper credibility determination.

**Consideration of a Listing**

In his decision, the ALJ determined Claimant suffered from the severe impairments of ADHD and borderline intellectual functioning. (Tr. 469). The ALJ also determined Claimant did not meet a listing or the equivalency of a listing, singly or in combination of his impairments. Id. The ALJ analyzed the six domains of functioning in light of Claimant's severe impairments. He concluded Claimant had less than marked limitation in the areas of acquiring and using information, attending and completing tasks, and interacting and

4

relating to others., and caring for yourself. He found no significant limitation in the areas of moving about and manipulating objects, caring for yourself, and health and physical well-being. (Tr. 470-81).

Plaintiff contends the ALJ did not consider Listing § 112.11 on ADHD after finding Claimant has a severe impairment for this condition. The ALJ's analysis of Claimant's qualification for all unspecified listings consisted of boilerplate language to reject the contention that Claimant's condition met or equaled a listing without accompanying the language with support. (Tr. 469-70). Listing § 112.11 requires satisfaction of the paragraph A criteria with medically documented findings on the three areas of marked inattention, marked impulsiveness, and marked hyperactivity. 20 C.F.R. Part 404, Subpt. P, App. 1 § 112.11.

Once the paragraph A criteria have been show, the paragraph B criteria requires a showing of marked impairment of age-appropriate cognitive/communicative function, marked impairment in age-appropriate social functioning, marked impairment in age-appropriate personal functioning, and marked difficulties in maintaining concentration, persistence, or pace. 20 C.F.R. Part 404, Subpt. P, App. 1 § 112.02B2.

In the briefing, Defendant attempts to minimize the omission of the analysis for this Listing. She insists that the evidence

5

does not support marked deficiencies in the functional areas required for examination under Listing § 112.11 and attempts to massage the findings under the six domains of listing equivalency to match the different required findings under the specific Listing for ADHD. None of this reasoning was contained in the ALJ's decision and cannot be considered for the first time by this Court on appeal. On remand, the ALJ shall specifically consider this listing.

**Consideration of Functional Equivalency**

Plaintiff also asserts the ALJ failed to consider all evidence in determining that Claimant did not satisfy the six functional equivalence domains. To functionally equal a listing, a claimant's impairment or combination of impairments must result in "marked" limitations in at least two of the six domains of functioning, or in "extreme" limitation in at least one domain. 20 C.F.R. §§ 416.926a(a), (g)-(l).

Plaintiff takes issue with the ALJ's analysis of two of the six domains. The domain of Acquiring and Using Information involves the ability "to learn to read, write, do arithmetic, and understand and use new information." 20 C.F.R. § 416.926a(g)(1)(i). While Claimant demonstrated significant problems with reading comprehension in the second grade (Tr. 297), her fourth grade teacher found Claimant only had a slight problem with reading.

6

(Tr. 228). Her reading teacher found Claimant had an "obvious problem" with reading and comprehending written material, understanding and participating in class discussions, learning new material, and recalling and applying previously learned material. (Tr. 237). The psychological evaluation by Dr. Vicki Hampton indicated Claimant was average in basic reading, writing, and arithmetic skills. (Tr. 274-75). The battery of testing which Claimant underwent does not support a finding of marked limitation in this functional area. The ALJ did not err in his assessment in this domain.

Plaintiff also contends Claimant has shown marked limitation in the domain of Attending and Completing Tasks. Specifically, Plaintiff asserts the ALJ failed to consider the report of Claimant's second grade teacher who found she experienced significant problems in attention to task, organization of task, task completion, and independent work habits. (Tr. 297). Claimant's fourth grade teachers also found obvious problems with her ability to focus long enough to finish assigned activity or task, ability to refocus to task when necessary, waiting to take turns, organizing her own things or school materials, completing work accurately without careless mistakes, and working without distracting herself or others. (Tr. 229, 238). Again, this Court cannot re-weigh this evidence and conclude that the ALJ's findings

7

of less than a marked limitation in this domain is error.

**Credibility Determination**

Plaintiff asserts the ALJ engaged in an erroneous credibility analysis. The ALJ recited testimony from the hearing offered by Plaintiff setting forth the inconsistencies between Claimant's activities (playing piano, horseback riding, playing sports) and her testimony of limitation. (Tr. 480). The ALJ found Plaintiff to be "not entirely credible" due to this discrepancies. Id.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses

or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.  Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391.  However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).  Upon review of the decision and the transcript and record, this Court does not find error in the ALJ's credibility analysis.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 9th day of September, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE