# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

KATHRYN SHELBY, on behalf of )
B.A.W., a minor, )
                                   )
               Plaintiff, )
                                   )
v. ) Case No. CIV-15-174-KEW
                                   )
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
                                   )
               Defendant. )

## OPINION AND ORDER

This matter comes before the Court on Claimant's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #26). By Order and Opinion entered September 9 2016, this Court reversed the decision of the Commissioner to deny Claimant's application for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Claimant seeks attorney's fees for 36.90 hours of time expended by his attorney at the stipulated fee rate for a total request of $7,106.00 under the authority of the Equal Access to Justice Act ("EAJA"), which reflects a voluntary reduction of the fee. Additionally, Claimant requests compensation in the amount of $2,033.00 for filing a reply through a supplemental motion, which also reflects a voluntary reduction. Because the Commissioner objected to the reasonableness of the fee requested, Claimant filed a reply to the response to the supplemental request. In an effort to seek compensation for the preparation of this reply, Claimant filed the second supplemental request, seeking fees

in the amount of $1,273.00, which Claimant also states reflects a reduction. The Commissioner did not respond to the second supplemental fee request.

The Commissioner contends the positions reflected in the ALJ's decision were substantially justified and, therefore, Claimant should not recover EAJA compensation. EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, the Commissioner has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). The Commissioner must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, the Commissioner must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . ." Id. at 566 n.2.

Clearly, Claimant constituted the prevailing party in accordance with this Court's decision. The Commissioner contends her position represented a "reasonable litigation position" when

she argued that the ALJ's lack of explanation for the rejection of the position that Claimant met a listing was harmless error. In fact, the Commissioner argued that the record did not support such a finding - a position not explained in the ALJ's decision. The employment of boilerplate rejection language in the ALJ's decision without some reference to the record is not a reasonable position to take in the appeal. The cases cited by the Commissioner to support such a position did not include a decision with a complete lack of supported reasoning as was present in this case.

The Commissioner also challenges the reasonableness of the fee requested, asserting counsel's fee should be reduced. Specifically, the Commissioner contends (1) the 7.4 hours attributable to "reading-and-notetaking hours" to 3.7 hours; (2) the 27.10 hours expended on briefing the opening and reply briefs to at least 13.55 hours; and (3) a reduction of 25% due to Claimant's limited success in the appeal. Claimant contends the Commissioner does not object to specific items in the attorney's time and expense record but rather makes blanket objections to argue a standard number of hours which a Social Security case should require.

This Court does not find the time in reviewing the record to be particularly excessive. However, given the size of the briefs (10 pages for the opening brief and four pages for the reply) and the lack of complexity of the issues presented, the preparation time on the briefing is considered a bit bloated. Claimant

asserted several issues in the briefing but it should have been apparent that most were not supported legally or factually. As a result, the preparation time for the briefing will be reduced by 25% to accommodate these excessive billings. This Court calculates the number of hours expended for the preparation of these documents differently than the Commissioner. A review of the time and expense records indicate Claimant's counsel expended 18.9 hours in the preparation of the brief in chief and 8.1 in the preparation of the reply brief for total charges of $5,130.00. This requested amount will be reduced to $3,847.50.

The Commissioner also challenges the reasonableness of the amount requested for the supplemental fee request to cover the preparation of the reply to the first fee request. Claimant seeks a supplemental fee of $2,033.00 for the preparation of the reply – an amount in excess of the fees requested in the preparation of a reply in the substantive briefing of the issues involved in the case. This Court agrees with the Commissioner that this amount is excessive given the content of the reply and a further reduction of 25% will be made in this requested fee to $1,524.75.

Claimant also filed a second supplemental fee request, seeking fees for preparing the reply to the first supplemental fee request. Claimant requests compensation of $1,273.00 for this legal representation. The Commissioner did not respond to this second supplemental fee request. It will be granted as filed.

IT IS THEREFORE ORDERED that on Claimant's Motion for Attorney

Fees Pursuant to the Equal Access to Justice Act (Docket Entry #26), Claimant's Supplemental Application for Attorney Fees (Docket Entry #30), and Claimant's Second Supplemental Application for Attorney Fees (Docket Entry #33) are hereby **GRANTED** as reduced in this Opinion and Order. The Government is ordered to pay Claimant's attorney's fees in the total amount of $8,906.25.

In accordance the ruling of the Tenth Circuit Court of Appeals, the award with shall be made to Claimant as the prevailing party and not directly to Claimant's counsel. <u>Manning v. Astrue</u>, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Claimant's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Claimant. <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 27th day of January, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

5